## Commonwealth, to use, v. Howell et al.

*Lewis, Riester, Brandt & Snee*, for plaintiffs.

*M. J. Hosack*, for defendants.

*James M. Magee* and *Edmund W. Arthur*, for surety.

SOFFEL, J., October 3, 1935.—This case is before the court on an affidavit of defense raising questions of law.

The plaintiffs brought an action of assumpsit to recover against the defendants on a bond in which the defendant Richard R. Howell is principal and the American Surety Company of New York surety. The bond is in the sum of $2,000 and the condition of the obligation is this:

"Now the condition of this obligation is such, that if the above bounden Richard R. Howell shall well and truly execute the duties of the office of constable, in and for the 11th ward, city of Pittsburgh, Pennsylvania, for the term of four years from and after the first Monday of Janu-

ary, A. D. 1932, then this obligation to be void, otherwise to be and remain in full force and virtue."

The facts, briefly stated, are these: The use-plaintiffs, Raymond C. Zink, Flora E. Zink and Elmer F. Zink, co-partners, trading as Charles B. Frietsch & Bro., are engaged in the wholesale and retail business of selling tobacco, cigars, and confections. As such, they sold goods to one P. G. Walter to the amount of $1,204.91. The statement of claim avers that said Richard R. Howell, acting in his official capacity, conspired with the aforesaid P. G. Walter to "sell fraudulently, surreptitiously, and clandestinely" the stock and fixtures contained in a drug store owned and operated by P. G. Walter, located at 626 Chestnut Street, North Side, Pittsburgh. The plaintiffs further aver that said sale purported to be on a landlord's distraint for rent due and in arrears, but, in fact, no landlord's warrant had issued. Said sale was conducted some time in the month of June 1933. The claim of the use-plaintiffs against P. G. Walter was reduced to a judgment in the County Court of Allegheny County, Pa., at no. 805 of 1933, on July 26, 1933.

It is the contention of the plaintiffs that the defendant, Richard R. Howell, conspired with the aforesaid P. G. Walter to defraud the creditors of said Walter, among whom were the use-plaintiffs; that the conspiracy consisted (1) in conducting a sale without giving to the plaintiffs proper statutory notice; (2) in carrying on said sale behind locked doors and excluding bids from general creditors; (3) in carrying on said sale without authority from the landlord of said P. G. Walter; (4) in conducting said sale without making out a proper bill of sale.

In answer to plaintiffs' statement of claim as amended, the defendants have filed an affidavit of defense raising questions of law. The defendants contend that under the averments of fact as set forth in the amended statement of claim the plaintiffs have no cause of action. They rely on the following propositions:

1. The bond on which suit is brought does not cover the doing of acts which are unlawful ab initio, but only those acts which, lawful in their inception, are subsequently performed in an unlawful or unauthorized manner.

2. Under the facts of the instant case there has been no breach of the conditions of the bond.

3. The statement of claim avers that the alleged illegal sale was not based on a landlord's warrant and admits that at the time the sale was made the plaintiffs had no lien against any fund that might have been realized from said sale.

4. In averring that the defendant, Richard R. Howell, conducted a sale "in an irregular, fraudulent, and clandestine manner . . . by depriving the plaintiffs of an opportunity to be present at said sale in order to protect their claims", the plaintiffs raise questions which could be raised only on a sale under a regular landlord's warrant where the plaintiff, by reason of a lien, would be entitled to participate in the proceeds of the sale of goods.

5. The plaintiffs fail to aver facts sufficient to establish a conspiracy on the part of the defendant Richard R. Howell.

6. Plaintiffs' remedy, if any, was by an action of trespass or a criminal action for conspiracy.

We are of the opinion that the affidavit of defense in the nature of a demurrer must be sustained. The action here considered is in assumpsit on a surety bond. The bond is conditioned upon Richard R. Howell's "well and truly executing the duties of the office of constable in and for the 11th ward, city of Pittsburgh". This bond covers only the doing of a lawful act in an unauthorized or unlawful manner. In the instant case, if the averments of fact as alleged by plaintiff are believed, the defendant constable conducted a sale of goods in fraud of the rights of creditors. Said sale was based upon an alleged distraint, but no landlord's warrant had issued. This in

itself is sufficient ground for holding that the plaintiffs have failed to allege facts which establish a breach of the condition of the bond. To hold the constable and surety on the bond in question, the act complained of must have been lawful in the first instance and some trespass or wrong have been committed thereafter. Under the bond in question neither the principal nor surety would be liable for an act which ab initio was contrary to law.

The plaintiffs in the instant case seek to bring themselves within the provisions of the Act of March 21, 1772, 1 Sm. L. 370. They fail to do so because they admit that the sale in pursuance of an alleged distraint occurred without the issuance of a landlord's warrant. They admit that the sale occurred before their claim against the owner of the goods had been reduced to judgment. They therefore held no lien at the time of the alleged sale, and, even if the sale had been conducted legally, would have been in no position to share in the proceeds. The statutes regulating the relations of landlord and tenant are made for their benefit only: Richards et al. v. McGrath, 100 Pa. 389.

The Act of 1772 requires an appraisement of goods distrained for rent to be made before they are sold. This is essential to a valid sale. In the instant case it is alleged that no such appraisement was made. This requirement, can, however, be dispensed with by the owner: Briggs et al. v. Large et al., 30 Pa. 287.

The statement of claim seems to us defective in its attempt to set up a conspiracy. There is an attempt to establish a conspiracy on the part of the owner of the goods and the constable to sell property in fraud of creditors under an alleged distraint proceeding. There is no averment that the landlord was a party to this proceeding. There is no averment that plaintiffs were lien creditors at the time the sale was conducted. Certainly if the plaintiffs are entitled to any remedy it is not by an action of assumpsit on the bond in question, but rather by

an action of trespass against the defendant constable or a criminal action against the joint conspirators.

We are therefore of the opinion that the affidavit of defense raising questions of law must be sustained and judgment entered for the defendants.